# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WILEY, SR., <br><br> Plaintiff, <br><br> v. <br><br> KERN COUNTY SHERIFF, et al., <br><br> Defendants. | Case No. 1:17-cv-00981-BAM (PC) <br><br> ORDER DENYING SECOND MOTION TO COMPEL AS MOOT <br> (ECF No. 11) <br><br> ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS <br> (ECF No. 10) |

**I.     Background**

Plaintiff Anthony Wiley, Sr. ("Plaintiff") is a pretrial detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 5.)

On July 31, 2017, Plaintiff filed an application to proceed in forma pauperis. (ECF No. 6.) However, Plaintiff failed to attach a certified copy of his inmate trust account statement showing transactions for the past six months, and failed to have an authorized officer of the institution of incarceration complete the certification portion of the form. The Court denied Plaintiff's motion to proceed in forma pauperis and ordered Plaintiff to submit a completed application or pay the filing fee within forty-five (45) days. (ECF No. 7.)

On August 17, 2017, Plaintiff filed a motion to compel Kern County to comply or submit application. (ECF No. 8.) Plaintiff states that he submitted an application to proceed pro se to the

1

Kern County Sheriff Financial Department on August 5, 2017, but the application was not signed and returned. Plaintiff did receive a copy of his account statement, and the response to his request was signed by a member of the Sheriff's Department. Those documents are attached to the motion to compel. (Id.) On August 21, 2017, the Court issued an order finding that Plaintiff had provided the necessary information to fulfill the requirements for a trust account statement and certification, and denying the motion to compel as moot. (ECF No. 9.) Plaintiff was directed to file a new application to proceed in forma pauperis, and specifically requested more information regarding the five-bedroom home listed as an asset in Plaintiff's prior application.

## II. Renewed Motions to Compel and Motion to Withdraw Consent to Magistrate Judge Jurisdiction

Following the issuance of the August 21, 2017 order, the Court received Plaintiff's renewed motion to proceed in forma pauperis, (ECF No. 10), and a second motion to compel (ECF No 11). It appears Plaintiff's motions crossed with the Court's order in the mail.

Plaintiff's second motion to compel is also denied as moot. As discussed in the Court's August 21, 2017 order, Plaintiff has provided the necessary information from the Kern County Sheriff to fulfill the requirements for a trust account statement and certification.

In his motion to compel, Plaintiff also moves to withdraw his consent to magistrate judge jurisdiction. Plaintiff alleges that the magistrate judge has shown bias and questionable judgment in allowing Defendants to not comply with a court order and to prevent him from exercising his right to move forward in this case. Plaintiff requests that the Clerk of the Court send him an application to withdraw his consent to magistrate judge jurisdiction and the address and application to file a complaint against a federal judge. (Id.)

Once a civil case is referred to a magistrate judge under 28 U.S.C. § 636(c), "[t]he court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference . . . ." 28 U.S.C. § 636(c)(4); Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (no absolute right in civil case to withdraw consent to magistrate judge). Following written consent, the reference to a magistrate judge will not be vacated where the party fails to demonstrate extraordinary circumstances and the court does not sua sponte find good cause for

withdrawal of consent.  Id.

Here, Plaintiff's disagreement with the Court's orders regarding his motion to proceed in forma pauperis provides no basis for the withdrawal of his earlier consent.  Further, Plaintiff is reminded that no defendant has been ordered served, and no defendant has yet made an appearance.  Thus, the Court lacks personal jurisdiction over any prison officials at the Kern County Sheriff's Department, and it cannot issue an order requiring them to take any action.  The Court finds that Plaintiff has failed to demonstrate extraordinary circumstances and has failed to establish good cause to withdraw his consent.  Dixon, 990 F.2d at 480.

### III. Motion to Proceed In Forma Pauperis

Plaintiff's renewed motion to proceed in forma pauperis is denied, as it does not contain sufficient information regarding Plaintiff's assets, specifically the property valued at $239,000.00.  As directed in the Court's August 21, 2017, order, Plaintiff's renewed application to proceed in forma pauperis is due within thirty (30) days from the date of service of that order, and should include additional information regarding Plaintiff's property.

### IV. Conclusion and Order

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's second motion to compel (ECF No. 11) is DENIED as moot;
2. Plaintiff's motion to withdraw consent to magistrate judge jurisdiction (ECF No. 11) is DENIED; and
3. Plaintiff's motion to proceed in forma pauperis (ECF No. 10) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **August 22, 2017**          /s/ *Barbara A. McAuliffe*          
                                                        UNITED STATES MAGISTRATE JUDGE