# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WILEY, SR., <br><br> Plaintiff, <br><br> v. <br><br> KERN COUNTY SHERIFF, et al., <br><br> Defendants. | Case No. 1:17-cv-00981-BAM (PC) <br><br> ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER <br><br> (ECF No. 3) |

Plaintiff Anthony Wiley, Sr. ("Plaintiff") is a former pretrial detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on July 24, 2017. (ECF No. 1.) The complaint concerns the denial of medical care. Plaintiff has consented to magistrate judge jurisdiction. (ECF No. 5.)

**I.     Motion for Temporary Restraining Order**

Currently before the Court is Plaintiff's motion for a "temporary/preliminary injunction." (ECF No. 3.) Plaintiff states that he requests a temporary/preliminary injunction, if applicable, based on several issues.

First, Plaintiff states that his wife's safety and Second Amendment rights have been violated and disregarded by the Bakersfield Police Department and Kern County Sheriffs during his incarceration. Second, Plaintiff states that he has medical issues, including high blood pressure and a spinal injury, which "they" were informed of and chose to disregard. Plaintiff

1

states that he also has fluid in his brain, which is a continuing issue. Finally, Plaintiff states that his incarcerating and detaining deputies are the controlling agents who are hostile towards Plaintiff and Plaintiff's family due to past activities, and that he does not want to die. (Id.)

Plaintiff does not identify any parties who would be subject to a preliminary injunction, nor does he request any form of relief.

## II. Legal Standard

The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction, Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001), and "[a] preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties

in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969.

**III. Discussion**

Here, Plaintiff's motion does not establish that he is likely to succeed on the merits, that he will suffer irreparable harm in the absence of an injunction, that the balance of equities tips in his favor, or that an injunction is in the public interest. Rather, the motion simply lists three problems and seeks "temporary/preliminary injunction, if applicable." (ECF No. 3.) With no particular relief requested, the Court further finds that Plaintiff has not demonstrated that any relief sought is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." See 18 U.S.C. § 3626(a)(1)(A).

Additionally, "a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969); SEC v. Ross, 504 F.3d 1130, 1138–39 (9th Cir. 2007). In this case, the Court has not screened Plaintiff's complaint to determine whether it states a cognizable claim, no defendant has been ordered served, and no defendant has yet made an appearance. Furthermore, Plaintiff has not identified any party that would be subject to a preliminary injunction. At this juncture, the Court lacks personal jurisdiction over any defendant, or any third party that might be subject to an injunction, and it cannot issue an order requiring any other party to take any action. Zenith Radio Corp., 395 U.S. at 110; Ross, 504 F.3d at 1138−39.

To the extent Plaintiff's concerns stem from his incarceration, it appears from Plaintiff's notice of change of address that he is no longer in custody. (ECF No. 15.) Thus, any request related to Plaintiff's fears for his or his family's safety while he is incarcerated are moot.

///
///
///
///
///

**IV. Conclusion and Order**

Accordingly, the Court HEREBY ORDERS that Plaintiff's motion for a temporary restraining order, (ECF No. 3), is DENIED.

IT IS SO ORDERED.

Dated: **September 19, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE